# United States District Court

### DISTRICT OF DELAWARE



UNITED STATES OF AMERICA

v.

MARK RYAN HOFFMAN

**FILED UNDER SEAL**

Criminal Complaint

CASE NUMBER: 07-237-M

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about __2002 through October 2007__ in __Kent__ County, in the District of Delaware, defendant committed the offenses of knowingly receiving and possessing visual depictions of minors engaging in sexually explicit conduct, in violation of Title __18__ United States Code, Section(s) __2252__ and the offenses of knowingly receiving and possessing child pornography, in violation of Title __18__ United States Code, Section(s) __2252A__.

I further state that I am a(n) __Special Agent, United States Immigration and Customs Enforcement__ and that this
                                                Official Title
complaint is based on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:   Yes

_____
Signature of Complainant
Patrick McCall
Special Agent, United States Immigration and Customs Enforcement

Sworn to before me and subscribed in my presence,

November 29, 2007                              at      Wilmington, DE
Date                                                    City and State

Honorable Leonard P. Stark
United States Magistrate Judge                         _____
Name & Title of Judicial Officer                        Signature of Judicial Officer

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07- 237 M |
| ) | |
| MARK RYAN HOFFMAN ) | FILED UNDER SEAL |
| ) | |
| Defendant. ) | |

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Patrick M. McCall, being duly sworn, depose and state the following:

1. I am a Special Agent with United States Immigration and Customs Enforcement ("ICE"), an investigative branch of the United States Department of Homeland Security. I have been employed as a Special Agent for ICE and its predecessor agency, the United States Immigration and Naturalization Service ("INS"), for approximately twenty years and am currently assigned to the Resident Agent in Charge Office in Wilmington, Delaware. I was previously assigned to the ICE/INS Philadelphia Office of Investigations for approximately eighteen years, where my responsibilities included conducting investigations into various types of federal crimes, including crimes involving child pornography. I have received training from ICE and another of its predecessor agencies, the United States Customs Service, regarding child pornography, the sexual abuse of children, the behavior of preferential child molesters and how to conduct investigations of child sexual exploitation and obscenity crimes. As part of my work on these cases and in these training courses, I have observed and reviewed numerous examples

1

of child pornography (as that term is defined in 18 U.S.C. § 2256) in all forms of media, including computer media. In the course of my investigative duties, I have also had contact, in the form of interviews and meetings, with preferential child pornographers and those involved in the distribution, sale, production and possession of child pornography. And I have assisted in the execution of numerous search warrants relating to investigations of child pornography crimes.

2. On October 22, 2007, I obtained a search warrant signed by United States Magistrate Judge Leonard P. Stark, for the Smyrna, Delaware residence ("the residence") of Mark Ryan HOFFMAN, to search for and seize evidence of violations of Title 18, United States Code, Sections 2252 and 2252A ("Sections 2252 and 2252A"). Sections 2252 and 2252A make it a federal crime for any person to, *inter alia*, knowingly receive or possess visual depictions of a minor engaging in sexually explicit conduct, or to knowingly receive or possess child pornography, which has been mailed or has been shipped or transported in interstate or foreign commerce, or which possession involves depictions produced using materials that have been so mailed or shipped or transported, by any means, including by computer.

3. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth facts that I believe are necessary to establish probable cause to believe that Mark Ryan HOFFMAN knowingly received and possessed visual depictions of minors engaging in sexually explicit conduct and knowingly received and possessed child pornography, in violation of Sections 2252 and Section 2252A.

4. On October 26, 2007, ICE agents, along with members of the Delaware State Police's ("DSP") High Technology Crimes Unit ("HTCU"), executed a search warrant at HOFFMAN's residence. The defendant was present during the execution of the warrant.

5. At the residence, the agents seized two computers, which contain materials that have traveled in interstate commerce: (1) a Compaq Presario laptop computer located in the living room area of the residence; and (2) a Hewlett Packard laptop computer located on the top of a desk in the master bedroom area of the residence. Also seized during the search were two external hard drives attached to the Hewlett Packard laptop, numerous DVDs and compact discs, and various other types of portable storage media, each of which contain materials that have traveled in interstate commerce.

6. On October 26, 2007, ICE Special Agent William SHIELDS and DSP Lieutenant Robert MOSES interviewed HOFFMAN at the residence. After reading HOFFMAN his *Miranda* rights, Agent SHIELDS asked HOFFMAN if he wished to speak without an attorney present and HOFFMAN stated that he did wish to do so. In the ensuing interview, HOFFMAN stated the he owned the residence and lived there by himself. He further admitted that there were two laptop computers located in the house: the Hewlett Packard laptop and the Compaq laptop. HOFFMAN stated that the Hewlett Packard laptop was used exclusively by him. He further stated that the Compaq laptop was used by his two daughters, who do not reside with him at the residence but who visit the residence occasionally.

7. During the interview, HOFFMAN admitted to downloading child pornography from the Internet for approximately three to four years. He explained that his preference was to obtain

images of "younger girls," who were approximately fifteen years old or girls that have been through puberty. HOFFMAN explained that he would obtain such images by purchasing access to member-restricted child pornography Internet websites through the use of his credit cards, noting that he had visited over twenty different child pornography websites in the past and that he had downloaded images from these sites. HOFFMAN stated that when he downloaded images from these child pornography websites, he would transfer them to one of the external hard drives that was attached to the Hewlett Packard laptop, in order to store them for viewing at a later time. He said that the agents would find child pornography on that external hard drive, as well as on a number of the DVDs and CDs that were located in his bedroom closet. HOFFMAN stated that he had thousands of stored pornography images in his possession, but was unsure of the actual number of "adolescent nude girl images." He said that at least one time per day, he would view images of girls who appeared to be between the ages of 14-24 years of age and admitted that he assumed that some of these images that he had downloaded and viewed were illegal. HOFFMAN also admitted that when he accessed the child pornography member-restricted websites referenced above, he viewed several images that he believed "might be illegal."

8. Subsequent to the search, DSP officers from the HTCU have been able to electronically access the contents of the Compaq laptop, the Hewlett Packard laptop, the two external hard drives and some of the DVDs recovered from HOFFMAN's residence. On the Hewlett Packard laptop, the two external hard drives and many of the DVDs, DSP has found thousands of computer images of what appear to be visual depictions of minors engaging in

sexually explicit conduct and child pornography. On those same media, they have found hundreds of videos depicting such images. DSP has determined that the images and videos appear to have been saved to the computers and other media from 2002 through October 2007.

9. Based on the aforementioned factual information, I respectfully submit that there is probable cause to believe that Mark Ryan HOFFMAN has knowingly received and possessed visual depictions of minors engaging in sexually explicit conduct and child pornography, in violation of 18 U.S.C. §§ 2252 and 2252A.

_____
Patrick M. McCall
Special Agent
U.S. Immigration & Customs Enforcement

SUBSCRIBED and SWORN
before me this 29th day of November, 2007

_____
The Honorable Leonard P. Stark
United States Magistrate Judge

5