# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-167-SLR |
| | ) |
| MARK RYAN HOFFMAN, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Christopher J. Burke, Assistant United States Attorney for the District of Delaware, and the defendant, Mark Ryan Hoffman, by and through the defendant's attorney, Luis A. Ortiz, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty to Count 1 of the Indictment, which charges him with Receipt of Child Pornography, a violation of Title 18, United States Code, Section 2252A(a)(2) and (b)(1). This crime carries a maximum penalty of not less than 5 years imprisonment and not more than 20 years imprisonment, a $250,000 fine, a life term of supervised release (with a minimum mandatory term of five years supervised release) and a special assessment of $100. At sentencing, the United States will move to dismiss the remaining counts of the Indictment against the defendant.

2. The defendant understands that if there were a trial, the Government would have to prove the following elements for Count 1: (1) the defendant, acting knowingly; (2) received or attempted to receive child pornography, defined as a visual depiction of a minor engaged in an actual or simulated sex act and/or the lascivious exhibition of the genitals or pubic area; and (3) which child pornography had moved in interstate and/or foreign commerce by computer.

3. The defendant agrees to pay the $100 special assessment on the day of sentencing. If the Court orders the payment of any fine as part of the defendant's sentence, the defendant agrees voluntarily to enter the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

4. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to recommend at sentencing a two-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a). If the defendant's offense level is determined by the Court to be level 16 or greater, the United States will move for an additional one point reduction, pursuant to U.S.S.G. § 3E1.1(b).

5. The defendant agrees to forfeit to the United States his interest in all computer hardware, software, and storage media taken from the defendant's home by U.S. Immigration and Customs Enforcement agents and officers of the Delaware State Police on or about October 26, 2007.

6. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

7. It is further agreed by the parties that this M...

                                                  COLM F. CONNOLLY
                                                  United States Attorney

_____      By: _____
Luis A. Ortiz, Esquire                                  Christopher J. Burke
Attorney for Defendant                                Assistant United States Attorney

_____
Mark Ryan Hoffman
Defendant

Dated: March 4, 2008

    AND NOW this __4th__ day of __March__, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

                                           _____
                                           Honorable Sue L. Robinson
                                           United States District Court